UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARYLOUISE EBENAL,<br><br>    Plaintiff,<br><br>v.<br><br>CAROLYN W. COLVIN,<br>Acting Commissioner of Social Security,<br><br>    Defendant. | Case No. EDCV 13-01998-JEM<br><br>MEMORANDUM OPINION AND ORDER REVERSING DECISION OF THE COMMISSIONER OF SOCIAL SECURITY |

## PROCEEDINGS

On November 14, 2013, Marylouise Ebenal ("Plaintiff" or "Claimant") filed a complaint seeking review of the decision by the Commissioner of Social Security ("Commissioner") denying Plaintiff's application for Social Security Disability Insurance benefits. The Commissioner filed an Answer on February 18, 2014. On May 28, 2014, the parties filed a Joint Stipulation ("JS"). The matter is now ready for decision.

Pursuant to 28 U.S.C. § 636(c), both parties consented to proceed before this Magistrate Judge. After reviewing the pleadings, transcripts, and administrative record ("AR"), the Court concludes that the Commissioner's decision must be reversed and this case remanded for further proceedings in accordance with this Memorandum Opinion and Order and with law.

**BACKGROUND**

Plaintiff is a 50-year-old female who applied for Social Security Disability Insurance benefits on June 15, 2010, alleging disability beginning January 21, 2010. (AR 17.) The ALJ determined that Plaintiff has not engaged in substantial gainful activity since January 21, 2010, the alleged onset date. (AR 19.)

Plaintiff's claim was denied initially on November 18, 2010, and on reconsideration on March 2, 2011. (AR 17.) Plaintiff filed a timely request for hearing, which was held via video before Administrative Law Judge ("ALJ") Lawrence J. Duran on June 6, 2012, in Moreno Valley, California. (AR 17.) Claimant appeared and testified from Palm Springs, California, and was represented by counsel. (AR 17.) Vocational expert ("VE") Kristan V. Sagliocco also appeared and testified at the hearing. (AR 17.) Following the hearing, the record was held open for two weeks to allow Plaintiff to submit additional evidence. As of the date the ALJ made his final decision, no additional evidence had been received. (AR 17.)

The ALJ issued an unfavorable decision on July 20, 2012. (AR 17-26.) The Appeals Council denied review on October 11, 2013. (AR 1-3.)

**DISPUTED ISSUES**

As reflected in the Joint Stipulation, Plaintiff only raises the following disputed issue as ground for reversal and remand:

1. Whether the decision properly assessed Plaintiff's credibility

**STANDARD OF REVIEW**

Under 42 U.S.C. § 405(g), this Court reviews the ALJ's decision to determine whether the ALJ's findings are supported by substantial evidence and free of legal error. Smolen v. Chater, 80 F.3d 1273, 1279 (9th Cir. 1996); see also DeLorme v. Sullivan, 924 F.2d 841, 846 (9th Cir. 1991) (ALJ's disability determination must be supported by substantial evidence and based on the proper legal standards).

Substantial evidence means "'more than a mere scintilla,' but less than a preponderance." Saelee v. Chater, 94 F.3d 520, 521-22 (9th Cir. 1996) (quoting

Richardson v. Perales, 402 U.S. 389, 401 (1971)). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson, 402 U.S. at 401 (internal quotation marks and citation omitted).

This Court must review the record as a whole and consider adverse as well as supporting evidence. Robbins v. Soc. Sec. Admin., 466 F.3d 880, 882 (9th Cir. 2006). Where evidence is susceptible to more than one rational interpretation, the ALJ's decision must be upheld. Morgan v. Comm'r of the Soc. Sec. Admin., 169 F.3d 595, 599 (9th Cir. 1999). "However, a reviewing court must consider the entire record as a whole and may not affirm simply by isolating a 'specific quantum of supporting evidence.'" Robbins, 466 F.3d at 882 (quoting Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989)); see also Orn v. Astrue, 495 F.3d 625, 630 (9th Cir. 2007).

## THE SEQUENTIAL EVALUATION

The Social Security Act defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or . . . can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Commissioner has established a five-step sequential process to determine whether a claimant is disabled. 20 C.F.R. §§ 404.1520, 416.920.

The first step is to determine whether the claimant is presently engaging in substantial gainful activity. Parra v. Astrue, 481 F.3d 742, 746 (9th Cir. 2007). If the claimant is engaging in substantial gainful activity, disability benefits will be denied. Bowen v. Yuckert, 482 U.S. 137, 140 (1987). Second, the ALJ must determine whether the claimant has a severe impairment or combination of impairments. Parra, 481 F.3d at 746. An impairment is not severe if it does not significantly limit the claimant's ability to work. Smolen, 80 F.3d at 1290. Third, the ALJ must determine whether the impairment is listed, or equivalent to an impairment listed, in 20 C.F.R. Pt. 404, Subpt. P, Appendix I of the regulations. Parra, 481 F.3d at 746. If the impairment meets or equals one of the

listed impairments, the claimant is presumptively disabled. Bowen v. Yuckert, 482 U.S. at 141. Fourth, the ALJ must determine whether the impairment prevents the claimant from doing past relevant work. Pinto v. Massanari, 249 F.3d 840, 844-45 (9th Cir. 2001).

Before making the step four determination, the ALJ first must determine the claimant's residual functional capacity ("RFC"). 20 C.F.R. § 416.920(e). The RFC is "the most [one] can still do despite [his or her] limitations" and represents an assessment "based on all the relevant evidence." 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1). The RFC must consider all of the claimant's impairments, including those that are not severe. 20 C.F.R. §§ 416.920(e), 416.945(a)(2); Social Security Ruling ("SSR") 96-8p.

If the claimant cannot perform his or her past relevant work or has no past relevant work, the ALJ proceeds to the fifth step and must determine whether the impairment prevents the claimant from performing any other substantial gainful activity. Moore v. Apfel, 216 F.3d 864, 869 (9th Cir. 2000). The claimant bears the burden of proving steps one through four, consistent with the general rule that at all times the burden is on the claimant to establish his or her entitlement to benefits. Parra, 481 F.3d at 746. Once this prima facie case is established by the claimant, the burden shifts to the Commissioner to show that the claimant may perform other gainful activity. Lounsburry v. Barnhart, 468 F.3d 1111, 1114 (9th Cir. 2006). To support a finding that a claimant is not disabled at step five, the Commissioner must provide evidence demonstrating that other work exists in significant numbers in the national economy that the claimant can do, given his or her RFC, age, education, and work experience. 20 C.F.R. § 416.912(g). If the Commissioner cannot meet this burden, then the claimant is disabled and entitled to benefits. Id.

## THE ALJ DECISION

In this case, the ALJ determined at step one of the sequential process that Plaintiff has not engaged in substantial gainful activity since January 21, 2010, the alleged onset date. (AR 19.)

At step two, the ALJ determined that Plaintiff has the following medically determinable severe impairments: left trigeminal nerve schwannoma; migraines; history of pituitary lesion; and closed head injury with loss of consciousness (20 C.F.R § 404.1520(c)). (AR 19-20.)

At step three, the ALJ determined that Plaintiff does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments. (AR 20.)

The ALJ then found that Plaintiff has the RFC to perform light work as defined in 20 C.F.R. §§ 404.1567(b) and 416.967(b) and SSR 83-10 with the following limitations:

> Claimant can lift and/or carry 20 pounds occasionally and 10 pounds frequently; she can stand and/or walk for six hours out of an eight-hour workday with regular breaks; she can sit for six hours out of an eight-hour workday with regular breaks; she requires a sit/stand option at 1 hour intervals; she can frequently climb, balance, stoop, kneel, crouch and crawl; she needs ready access to a restroom; and she may be absent or off task 5% of the time.

(AR 21-24.) In determining this RFC, the ALJ made an adverse credibility determination. (AR 22.)

At step four, the ALJ found that Plaintiff is unable to perform her past relevant work as a truck driver and bus driver. (AR 24.) The ALJ, however, also found that, considering Claimant's age, education and RFC, there are jobs that exist in significant numbers in the national economy that Claimant can perform, including sorting, packaging and office helper. (AR 25.)

Consequently, the ALJ found that Claimant was not disabled within the meaning of the Social Security Act. (AR 26.)

/ / /
/ / /
/ / /

**DISCUSSION**

**I. THE ALJ IMPROPERLY DISCOUNTED PLAINTIFF'S CREDIBILITY**

The ALJ decision must be reversed. The ALJ's adverse credibility determination is not supported by substantial evidence as the record was not fully and fairly developed regarding Plaintiff's migraine pain. The ALJ decision also failed to provide clear and convincing reasons supported by substantial evidence for discounting Plaintiff's credibility.

The ALJ's RFC also is not supported by substantial evidence. The ALJ's nondisability determination is not supported by substantial evidence nor free of legal error.

**A    Relevant Federal Law**

The ALJ's RFC is not a medical determination but an administrative finding or legal decision reserved to the Commissioner based on consideration of all the relevant evidence, including medical evidence, lay witnesses, and subjective symptoms. See SSR 96-5p; 20 C.F.R. § 1527(e). In determining a claimant's RFC, an ALJ must consider all relevant evidence in the record, including medical records, lay evidence, and the effects of symptoms, including pain reasonably attributable to the medical condition. Robbins, 446 F.3d at 883.

The test for deciding whether to accept a claimant's subjective symptom testimony turns on whether the claimant produces medical evidence of an impairment that reasonably could be expected to produce the pain or other symptoms alleged. Bunnell v. Sullivan, 947 F.2d 341, 346 (9th Cir. 1991); see also Reddick, 157 F.3d at 722; Smolen, 80 F.3d at 1281-82 esp. n.2. The Commissioner may not discredit a claimant's testimony on the severity of symptoms merely because they are unsupported by objective medical evidence. Reddick, 157 F.3d at 722; Bunnell, 947 F.2d at 343, 345. If the ALJ finds the claimant's pain testimony not credible, the ALJ "must specifically make findings which support this conclusion." Bunnell, 947 F.2d at 345. The ALJ must set forth "findings sufficiently specific to permit the court to conclude that the ALJ did not

arbitrarily discredit claimant's testimony." Thomas, 278 F.3d at 958; see also Rollins, 261 F.3d at 856-57; Bunnell, 947 F.2d at 345-46. Unless there is evidence of malingering, the ALJ can reject the claimant's testimony about the severity of a claimant's symptoms only by offering "specific, clear and convincing reasons for doing so." Smolen, 80 F.3d at 1283-84; see also Reddick, 157 F.3d at 722. The ALJ must identify what testimony is not credible and what evidence discredits the testimony. Reddick, 157 F.3d at 722; Smolen, 80 F.3d at 1284.

**B.  Analysis**

Plaintiff has the medically determinable severe impairments of a brain tumor (left trigeminal nerve schwannoma), migraines, pituitary lesion and closed head injury with loss of consciousness. (AR 19, 232, 237.) In determining Plaintiff's RFC, the ALJ found that Plaintiff's medically determinable impairments reasonably could be expected to cause her alleged symptoms. (AR 22.) The ALJ, however, also found that Plaintiff's statements concerning the intensity, persistence and limiting effects of these symptoms were not credible to the extent inconsistent with the ALJ's assessed RFC. (AR 22.) Because the ALJ did not make a finding of malingering, he was required to provide clear and convincing reasons supported by substantial evidence to discount Plaintiff's credibility. Smolen, 80 F.3d at 1283-84. The ALJ failed to do so.

### 1. Failure To Develop The Record On Plaintiff's Migraine Pain

Plaintiff challenges the ALJ's credibility determination as to her medically severe impairment of migraines. The only limitation assessed by the ALJ to accommodate Plaintiff's migraine pain is that she would be "absent or off task 5% of the time" (AR 21), which is roughly equivalent to one day per month. The ALJ did not explain how he arrived at this limitation or why he chose 5% instead of 20% or some other number. Plaintiff also alleged she suffers from dizziness and double vision but the ALJ found these impairments to be nonsevere (AR 20) and does not appear to have imposed any limitations to accommodate these impairments.

The ALJ discounted Plaintiff's credibility for five reasons, four of which concern the medical evidence: (1) the objective medical evidence does not support disability, (2) treatment was essentially routine and conservative in nature, (2) the side effects of Plaintiff's migraine medication were mild, and (4) no treating source imposed any functional limitations other than a restriction on driving. (AR 22.) To be sure, an ALJ is entitled to consider whether there is a lack of medical evidence to corroborate a claimant's symptoms so long as it is not the only reason for discounting credibility. Burch, 400 F.3d 676, 680-81 (9th Cir. 2005). In Social Security cases, however, the ALJ also has a special independent duty to develop the record fully and fairly and to assure that the claimant's interests are considered. Tonapetyan v. Halter, 242 F.3d 1144, 1150 (9th Cir. 2001); Smolen, 80 F.3d at 1288. That did not happen here.

The ALJ in conclusory fashion asserts that the objective medical findings are "benign" and that the objective medical evidence does not support the alleged severity of Plaintiff's symptoms. (AR 24.) The ALJ's finding, however, was a generalized finding addressed to all of Plaintiff's numerous severe and nonsevere impairments rather than a specific finding regarding Plaintiff's migraines. The Commissioner's only defense of this ground for discounting Plaintiff's credibility as to her migraines is Dr. Sebti's late 2009 physical examination of Plaintiff (before the onset date) which revealed normal findings even as to neurological complaints. (JS 27:3-5; AR 225.) The ALJ's reference, however, concerns Dr. Sebti's neurological examination as to mental status,[1] not Plaintiff's migraine pain. (AR 225.) In fact, on the previous page, Dr. Sebti notes that Plaintiff has had headaches since age 13 which had worsened and are "quite severe, where she cannot function." (AR 224.) (Emphasis added.) The headache pain may last three to four days. (AR 224.) Dr. Sebti's assessment was "Migraine without aura, uncontrolled." (AR 226.) (Emphasis added.) In early 2010, Dr. Sebti regarded the

---

[1] Similarly, the ALJ cites Dr. Bargnoni's finding of normal cognitive functioning and no focal deficits (AR 23) but does not explain why this mental capacity finding is relevant to or inconsistent with migraine pain.

problem as serious enough to warrant referring Plaintiff to UCLA neurosurgery for further evaluation and treatment. (AR 223). A March 2010 UCLA report notes progressively worsening headaches that "are not well controlled." (AR 235, 234.) In a 2012 examination, there is this note:

> The patient's migraines are [not][2] under control and very urgent and soon neurology workup is recommended.
>
> * * *
>
> Fast and urgent referral to neurology for the patient to see a neurologist for <u>uncontrolled</u> migraine headaches that she is experiencing.

(AR 295.) (Emphasis added.)

These are not "normal" findings. The medical evidence of record amply demonstrates that Plaintiff consistently and repeatedly sought medical attention for her migraine pain. Her physicians never once discounted her pain allegations or suggested she was exaggerating. In fact, her physicians continually prescribed powerful medications, including narcotics like Vicodin, Percocet and Oxycodone. (AR 61, 280.) The ALJ suggests that Plaintiff's migraines were under control with her medications (AR 23) but the medical evidence is to the contrary. As already noted, several physicians found the migraines uncontrolled and observed the failure of various medications. (AR 224, 234, 237, 289.) One doctor described the headaches as "unremitting to certain antimigraine medication." (AR 289.) The ALJ also noted that the side effects of Plaintiff's medications are mild (AR 22) but one medical note indicated that medication overuse was making the headaches worse (AR 235) and in any event mild reaction to medication is not a reason to discount Plaintiff's credibility.[3]

---

[2] The Court added the word "not," the omission of which obviously was a typographical error.

[3] The Commissioner cites two cases for the proposition that a lack of side effects from medication is a valid credibility consideration but the cases do not so hold. Symptoms that are controlled by medication are not disabling, Warre v. Comm'r of Soc. Sec. Adm., 439 F.3d 1001,

The ALJ found that Plaintiff's treatment was "essentially routine and conservative in nature" (AR 22) which can be a legitimate basis for discounting credibility. Parra, 481 F.3d at 751. Plaintiff, however, was prescribed numerous, powerful drugs and the ALJ does not identify any "more aggressive treatment or surgical intervention" (AR 22) that would have been medically appropriate. The ALJ says that Plaintiff had received only "non-emergency" treatment (AR 22) but Plaintiff testified she went to the emergency room three times in a twelve month period because she could not stand the pain anymore. (AR 57.) The medical records confirm frequent emergency room visits. (AR 299, 333, 335, 338, 362, 365.) All of the above appears in the medical evidence of record, including complaints made to her physicians that she suffers from nausea, vomiting, dizziness, sleeplessness and fatigue as a result of her migraines (AR 42, 48-49, 259, 262, 276, 289, 298, 299, 304) and developed balance issues and fell twice within the same year. (AR 276, 289.) These conditions are symptoms of migraine headaches according to Eisenhower Medical Center. (AR 282, 304.)

The ALJ asserts that Plaintiff's treating physicians imposed no functional limitations. (AR 22.) Although Dr. Sebti did note that Plaintiff's migraines were "quite severe, where she cannot function" (AR 224), the more important point is that treating physicians often do not volunteer functional assessments unless asked. Dr. Bilezikjian is a consulting orthopedist who was asked to offer an assessment. (AR 315-318.) The ALJ did not give great weight to Dr. Bilezikjian's medium RFC assessment. (AR 24.) In his defense, Dr. Bilezikjian believed that Plaintiff had been referred to orthopedics incorrectly. (AR 318.) He noted that his assessment "can be voided when she has a neurological examination and recommendations by a neurologist which should be the primary evaluator." (AR 318.)

---

1006 (9th Cir. 2006), but in this case the prescription medications did not relieve Plaintiff's migraine pain.

The ALJ, however, made no referral to a neurologist nor returned to any of the treating neurologists to request a RFC assessment regarding her migraines. This was error. Ambiguous evidence or the ALJ's own finding that the record is inadequate to allow for proper evaluation of the evidence triggers the ALJ's duty to conduct an appropriate inquiry. Smolen, 80 F.3d at 1288; Tonapetyan, 242 F.3d at 1150. The ALJ may discharge this duty by subpoenaing the claimant's physicians, submitting questions to them or continuing the hearing. Smolen, 80 F.3d at 1288; Tonapetyan, 242 F.3d at 1150. Here, there was an abundance of evidence that Plaintiff's migraines were not under control despite the administration of powerful medications. What was missing from the record was a RFC assessment of Plaintiff's migraines without which the record is inadequate for decision. Dr. Bilezikjian's comments made clear that the record was ambiguous and inadequate, which triggered the ALJ's duty to develop the record more fully.

Although the ALJ's interpretation of the evidence should not be second-guessed if based on substantial evidence, Rollins, 261 F.3d 853, 857 (9th Cir. 2001), here the ALJ's finding is not reasonable nor supported by substantial evidence without a RFC assessment of Plaintiff's migraine pain. On remand, the ALJ is ordered to recontact a treating neurologist or retain the services of a consulting neurologist to undertake such an assessment.

### 2. Plaintiff's Daily Activities Are Not Inconsistent With Plaintiff's Pain Allegations

The ALJ also found that Claimant's activities of daily living are inconsistent with an incapacitating or delibilitating condition, which is a legitimate basis for discounting credibility. Bunnell, 947 F.2d at 345-46. Here, the ALJ recounted Plaintiff's testimony at the hearing that she spends most days lying down and she is unable to drive but is "able to do light household chores, grocery shop with her husband, and care for her dog." (AR 21.) Claimant also testified her husband does most of the cooking (AR 37), she does not take out the trash or do yard work (AR 39), and does not go out with her husband if

she is having migraines. (AR 39.) She does not go to church or participate in social organizations. (AR 42.)

The above activities are very limited. Nonetheless, without explanation or analysis the ALJ found that the activities above "are the same as necessary for obtaining and maintaining employment." (AR 22.) The Commissioner also offers no evidence or analysis to support the ALJ's conclusory finding, but simply repeats that finding. (JS 27:26-28:10.) Plaintiff's activities, moreover, are not inconsistent with migraines that last 3 or 4 days and they do not prove Plaintiff is able to spend a substantial part of her day engaging in activities transferable to a work setting. Vertigian v. Halter, 260 F.3d 1044, 1049-1050 (9th Cir. 2001). As Plaintiff says, the ALJ's conclusory finding does not indicate what activities are transferable and what sort of time Plaintiff engaged in the hypothetical transferable activity, and thus is insufficient to establish inconsistent daily activities. Claimant need not be "utterly incapacitated", Fair v. Bowen, 885 F.2d 597, 603 (9th Cir. 1989), or "vegetate in a dark room," Cooper v. Bowen, 815 F.2d 557, 561 (9th Cir. 1987), to be disabled. The ALJ's finding, as it stands devoid of any meaningful analysis, is neither reasonable nor supported by substantial evidence.

The ALJ also asserts that "even if the Claimant's daily activities are truly as limited as alleged, it is difficult to attribute that degree of limitation to the Claimant's medical condition, as opposed to other reasons, in view of the relatively benign medical evidence and other factors discussed in this decision." (AR 22.) The ALJ does not identify what "other reasons" would explain her limited level of activity. Perhaps, the ALJ believes Claimant is exaggerating her inactivity but the ALJ has presented no evidence or analysis to support this seeming speculation. The Court already, moreover, has found that the medical evidence regarding Plaintiff's migraine pain is not benign and the record not developed fully enough on RFC limitations for her condition.

Inconsistent daily activity, in view of the lack of evidence and analysis here, is not a clear and convincing reason supported by substantial evidence for discounting Plaintiff's credibility.

* * *

The ALJ failed to develop the record fully on Plaintiff's migraine pain. Also, the ALJ's inconsistent daily activities finding is too vague and conclusory to discredit Plaintiff's credibility. The ALJ failed to provide clear and convincing reasons supported by substantial evidence for discounting Plaintiff's subjective symptom testimony.

The Court does not believe the record will be adequate to resolve this case in the absence of an appropriate RFC assessment concerning Plaintiff's migraine pain. On remand, the ALJ shall recontact Plaintiff's treating neurologists for an RFC assessment or retain the services of a consulting neurologist for that purpose.

The ALJ's RFC is not supported by substantial evidence. The ALJ's nondisability determination is not supported by substantial evidence nor free of legal error.

**ORDER**

IT IS HEREBY ORDERED that Judgment be entered affirming reversing the decision of the Commissioner of Social Security and remanding this case for further proceedings in accordance with this Memorandum Opinion and Order and with law.

DATED: June 12, 2014             /s/ John E. McDermott
                                 JOHN E. MCDERMOTT
                                 UNITED STATES MAGISTRATE JUDGE